**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNION PACIFIC RAILROAD COMPANY,

        Plaintiff,

v.

GUARD DOG HEAVEN, LLC,

        Defendant.

2:09-CV-1622 JCM (RJJ)

**ORDER**

Presently before the court is plaintiff Union Pacific Railroad Company's motion for summary judgment (doc. #53). The defendant Guard Dog Heaven, LLC, has responded (doc. #55), and the plaintiff has replied (doc. #61).

In the instant action, plaintiff Union Pacific seeks to enforce an alleged railroad right of way under the General Railroad Right of Way Act of 1875 against defendant Guard Dog. Plaintiff alleges that its right of way includes land that defendant Guard Dog purchased in 2006. Guard Dog has now constructed a fence and storage yard on the property, which plaintiff claims infringes upon its ability to perform railroad tie installation and maintenance work.

The complaint alleges three claims for relief: (1) declaratory relief under 28 U.S.C. § 2201 and quiet title under NRS 40.010, (2) trespass, and (3) private nuisance. In the instant motion for summary judgment, plaintiff requests: (1) a declaration from the court quieting its title to the right of way, (2) damages resulting from the loss of exclusive use, enjoyment and possession of the right of way, and (3) reasonable attorneys' fees and costs.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c). The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standard for authentication of evidence on a motion for summary judgment).

Pursuant to the General Railroad Right of Way Act of 1875:

> The right of way through the public lands of the United States is granted to any railroad company duly organized under the laws of any State or Territory, except the District of Columbia, or by the Congress of the United States, which shall have filed with the Secretary of the Interior a copy of its articles of incorporation, and due proofs of its organization under the same, to the extent of one hundred feet on each side of the central line of said road; also the right to take, from the public lands adjacent to the line of said road, material, earth, stone, and timber necessary for the construction of said railroad; also ground adjacent to such right of way for station buildings, depots, machine shops, side tracks, turnouts, and water stations, not to exceed in amount twenty acres for each station, to the extent of one station for each ten miles of its road.

43 U.S.C. § 934. Thus, to establish a right of way pursuant to the act, a party must submit proof (1) of its organization and (2) of its having filed a copy of its articles of incorporation with the Secretary of the Interior.

Plaintiff alleges that the San Pedro, Los Angeles, and Salt Lake Railroad received such a right of way, which included the land in dispute in this case. Plaintiff Union Pacific then became the successor-in-interest to San Pedro and obtained an exclusive use and occupancy right over the disputed parcel. Plaintiff has submitted a certificate of amendment to the articles of incorporation of the Los Angeles & Salt Lake Railroad (doc. #53, ex. B) and various other images and documents demonstrating the alleged infringement.

The proffered evidence is insufficient to meet the plaintiff's burden. Specifically, plaintiff has not provided authenticated evidence demonstrating: (1) that it is the successor in interest to Los

Angeles & Salt Lake Railroad,[1] (2) that it has incorporated, and (3) that it has filed a copy of its articles of incorporation with the Secretary of the Interior. These materials are required for the court to determine that plaintiff is entitled to judgment as a matter of law.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for summary judgment (doc. #53) is DENIED.

DATED April 21, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's request for judicial notice (doc. #54) states that "exhibit B" to the motion for summary judgment (doc. #53) contains copies of the governmental filings constituting Union Pacific's succession to San Pedro. This is not accurate. Exhibit B is merely a one-page certificate noting that the Los Angeles & Salt Lake Railroad Company had amended its articles. The document makes no reference as to the changes made and does not mention Union Pacific.

**James C. Mahan**
**U.S. District Judge**

- 3 -