UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>                    Plaintiff,<br><br>v.<br><br>GUARD DOG HEAVEN, LLC,<br><br>                    Defendant. | 2:09-CV-1622 JCM (RJJ) |

**ORDER**

Presently before the court is plaintiff Union Pacific Railroad Company's renewed motion for summary judgment. (Doc. #83). Defendant Guard Dog Heaven has filed an opposition (doc. #91) and Union Pacific has replied (doc. #93).

**Background**

In the instant action, Union Pacific seeks to enforce an alleged railroad right of way under the General Railroad Right of Way Act of 1875 against Guard Dog. Union Pacific claims that as successor in interest to the San Pedro, Los Angeles and Salt Lake Railroad Company, it is entitled to the rights of way its predecessor in interest retained in the disputed parcel of land, identified as Clark County Assessor Parcel Number 177-06-101-009. Guard Dog purchased the disputed parcel in 2006. Guard Dog has now constructed a fence and storage yard on the property, which plaintiff claims infringes upon its ability to perform railroad tie installation and maintenance work pursuant to its alleged right of way.

**James C. Mahan**
**U.S. District Judge**

1   The complaint alleges three claims for relief: (1) declaratory relief under 28 U.S.C. §
2   2201 and quiet title under NRS 40.010, (2) trespass, and (3) private nuisance.  Union Pacific
3   requests: (1) a declaration from the court quieting its title to the right of way, (2) damages
4   resulting from the loss of exclusive use, enjoyment and possession of the right of way, and (3)
5   reasonable attorneys' fees and costs.

6   This court denied Union Pacific's first motion for summary judgment on the grounds that
7   it had failed to provide "authenticated evidence demonstrating:  (1) that it is the successor in
8   interest to Los Angeles & Salt Lake Railroad, (2) that it has incorporated, and (3) that it has filed
9   a copy of its articles of incorporation with the Secretary of the Interior."  Order, Dkt. #81, filed
10  April 21, 2011.  The court explained that these materials are required for the court to determine if
11  Union Pacific is entitled to judgment as a matter of law.

## Discussion

13  Summary judgment is appropriate when, viewing the facts in the light most favorable to
14  the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled
15  to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R.
16  CIV. P. 56©. The moving party bears the burden of presenting authenticated evidence to
17  demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*,
18  477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating
19  the standard for authentication of evidence on a motion for summary judgment).

20  Pursuant to the General Railroad Right of Way Act of 1875:

> The right of way through the public lands of the United States is granted to any railroad company duly organized under the laws of any State or Territory, except the District of Columbia, or by the Congress of the United States, which shall have filed with the Secretary of the Interior a copy of its articles of incorporation, and due proofs of its organization under the same, to the extent of one hundred feet on each side of the central line of said road; also the right to take, from the public lands adjacent to the line of said road, material, earth, stone, and timber necessary for the construction of said railroad; also ground adjacent to such right of way for station buildings, depots, machine shops, side tracks, turnouts, and water stations, not to exceed in amount twenty acres for each station, to the extent of one station for each ten miles of its road.

43 U.S.C. § 934.

**James C. Mahan**
**U.S. District Judge**

1    Thus, to establish a right of way pursuant to the act, a party must submit proof (1) of its
2 organization and (2) of its having filed a copy of its articles of incorporation with the Secretary of
3 the Interior. In this case, Union Pacific must also establish that it is the successor in interest to Los
4 Angeles & Salt Lake Railroad and therefore is entitled to its predecessor's right of way under the act.
5 If Union Pacific makes the requisite showing, it is entitled to exclusive use and occupancy of the
6 right of way. As is evident, the preliminary issue is whether a right of way exists over the disputed
7 parcel.

8    Plaintiff's Exhibit 1 is a certified copy of a letter dated April 20, 1906, from the Secretary
9 of the Interior approving the grant of the right of way from the United States to the San Pedro, Los
10 Angeles and Salt Lake Railroad Company pursuant to 18 Stat. 482. The letter is certified by the
11 Bureau of Land Management. The certification by the Bureau of Land Management satisfies Federal
12 Rule of Evidence 901(b)(7), and thus this exhibit is properly authenticated and admissible.

13    Defendant contends that the letter does not establish whom the right of way was granted to.
14 This court disagrees. The letter establishes that the right of way was granted to the San Pedro, Los
15 Angeles & Salt Lake Railroad Company, because it states that the maps were filed by the San Pedro,
16 Los Angeles & Salt Lake Railroad Company, which is the successor of the Oregon Short Line &
17 Utah Northern Railway Company. The letter explicitly states:

> In a letter of the 17th instant to the Department you submitted three maps filed by the San Pedro, Los Angeles & Salt Lake Railroad Company, under the act of March 3, 1875 – 18 Stat. 482, – showing the amended definite location of three sections of the line of road of the Oregon Short Line and Utah Northern Railway, in the Carson City land district, Nevada, one map showing 50.392 miles and the others 50 miles each, of the line of road of the company.
>
> The company filing these maps is the successor of the Oregon Short Line & Utah Northern Railway Company, and it has filed with the maps a formal relinquishment by the Second Vice-President thereof, of so much of the right of way acquired by the approval Nov. 22 and Dec. 29, 1890, of maps filed by the last named company as lies outside of the right of way shown on the maps of amended definite location.

Pl.'s Renewed Mot. Summ. J. Ex. 1. Thus, it is clear that the maps were filed by "the successor of the Oregon Short Line & Utah Northern Railway Company" which is "to the San Pedro, Los Angeles & Salt Lake Railroad Company." *Id.* Accordingly, Guard Dog's argument that the letter does not

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  state the Oregon Short Line & Utah Northern Railway Company's successor is without merit.  The
2  right of way was granted to the San Pedro, Los Angeles & Salt Lake Railroad Company.[1]  The letter
3  does not, however, explicitly state where the right of way is located.
4        Plaintiff contends that Exhibit 2, also certified by the Bureau of Land Management and
5  therefore authenticated pursuant to Rule 901(b)(7), is a map that confirms the right of way is located
6  on the disputed parcel.  The map contains the notation:
7              R/W Acquisition:
8              United States to S.P.L.A. & S.L.R.R.Co.
9              Act of Congress, March 3, 1875
10             Filing Approved April 20, 1906
11 Assuming that this map depicts the right of way granted by the Secretary of the Interior in Exhibit
12 1, and assuming that said grant confirms that the San Pedro, Los Angeles and Salt Lake Railroad
13 Company complied with all requirements under the act, it is still not clear that this map covers parcel

---

[1] This court finds that Union Pacific is the successor in interest to the San Pedro, Los Angeles & Salt Lake Railroad Company. Specifically, Plaintiff's Exhibit 3, certified by the Utah Department of Commerce, is an amendment to San Pedro, Los Angeles and Salt Lake Railroad Company's articles of incorporation, filed August 19, 1906. The amendment changed the name of San Pedro, Los Angeles & Salt Lake Railroad Company to Los Angeles & Salt Lake Railroad Company. The amended articles state:

> The undersigned, who are respectively the President and Secretary of the San Pedro, Los Angeles & Salt Lake Railroad Company . . . certify that upon motion duly seconded and a vote thereon taken by ballot it was resolved:
>
> (a) To amend Article I, of the Articles of Incorporation so as to read as follows:
>
> ARTICLE I.   The name of said corporation shall be "Los Angeles & Salt Lake Railroad Company"

Pl.'s Renewed Mot. Summ. J. Ex. 3, 3:8-9, 4:17-22. Further, Exhibit 4 is a notarized copy of articles of merger that establish that Los Angeles & Salt Lake Railroad Company merged into Union Pacific Railroad Company on December 3, 1987. On March 2, 1998, Union Pacific Railroad Company merged into Southern Pacific Transportation Company. *See id.* Ex. 5. "At the effective time of the merger, the Corporation changed its name to Union Pacific Railroad Company." *Id.* Accordingly, Union Pacific has satisfactorily shown that it is the successor in interest to San Pedro, Los Angeles and Salt Lake Railroad Company.

**James C. Mahan**
**U.S. District Judge**

- 4 -

177-06-101-009.  In short, even if the map properly identifies the right of way granted in Exhibit 1, it remains unclear whether that right of way runs through Guard Dog's property.  Accordingly, this court cannot find on the evidence submitted, that Union Pacific enjoys a right of way over the disputed parcel.

Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that Union Pacific's renewed motion for summary judgment (doc. #83) be, and the same hereby is, DENIED.

DATED October 21, 2011.

_____
**UNITED STATES DISTRICT JUDGE**