CRAIG A. NEWBY, ESQ.
Nevada Bar No. 8591
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile:  (702) 873-9966
cnewby@mcdonaldcarano.com

*Attorneys for Union Pacific Railroad Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GUARD DOG HEAVEN LLC, a Nevada limited liability company,<br><br>Defendant.<br><br>AND RELATED MATTERS | Case No: 2:09-cv-01622–JCM-RJJ<br><br>**UNION PACIFIC RAILROAD COMPANY'S MOTION TO EXTEND DISPOSITIVE MOTION AND JOINT PRE-TRIAL MEMORANDUM DEADLINE**<br><br>**(First Request)** |

Pursuant to Fed. R. Civ. P. 6(b)(1)(a), LR 6-1, and LR 26-4, UNION PACIFIC RAILROAD COMPANY ("Union Pacific" or "Plaintiff") requests a thirty day extension of the dispositive motion and joint pre-trial memorandum deadline set by the Court on January 31, 2012 (Doc. No. 101) from **April 30, 2012** until **May 30, 2012**.

Union Pacific requests the extension to allow the Bureau of Land Management ("BLM") to provide a comprehensive, final response to Union Pacific's *Touhy* request for documents and/or testimony to answer the question this Court raised when denying summary judgment on October 21, 2011:  **whether Union Pacific's 1875 Act right-of-way applied what is now Guard Dog's property as of April 20, 1906**.  *See* Doc. No. 96 at 4:11-5:4.  Union Pacific

///

///

///

timely disclosed its correspondence with the BLM as well as the expected BLM determination on the *Touhy* request.[1]

Union Pacific has diligently sought this and other information since discovery was reopened on January 31, 2012. Following informal inquiries in February and early March, Union Pacific issued its first formal request on March 16, 2012, a copy of which is attached hereto as **Exhibit 1**. The BLM requested additional information on March 21, 2012, a copy of which is attached hereto as **Exhibit 2**. Union Pacific quickly provided additional information and made a second formal request on March 26, 2012, a copy of which is attached hereto as **Exhibit 3**. Undersigned counsel was informed by the BLM that a written response would be provided the week of April 30, 2012, but no response has been received to date.

Guard Dog suffers no prejudice from awaiting the BLM's response to the *Touhy* request. There is presently no trial date and the short delay allows the BLM to submit its response on this key question, which will allow this court to efficiently adjudicate this case.

Under such circumstances, good cause exists for the limited thirty day extension.

This Motion is based on the following Points and Authorities, the Declaration of Craig A. Newby, the pleadings and papers on file herein, and the arguments of counsel offered at any hearing of this matter.

RESPECTFULLY SUBMITTED this 30th day of April, 2012.

MCDONALD CARANO WILSON LLP

By: /s/ Craig A. Newby
CRAIG A. NEWBY, ESQ. (#8591)
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada  89102

*Attorneys for Union Pacific Railroad Company*

---

[1] Under these circumstances, Union Pacific does not believe that this Motion is a request to extend a discovery deadline pursuant to LR 26-4. However, out of an abundance of caution, Union Pacific will address the LR 26-4 factors in the Motion.

# DECLARATION OF CRAIG A. NEWBY IN SUPPORT OF MOTION TO EXTEND DISPOSITIVE MOTION AND JOINT PRE-TRIAL MEMORANDUM DEADLINE

Craig A. Newby declares as follows:

1. I am an attorney licensed to practice law in the State of Nevada and am a partner of McDonald Carano Wilson LLP, attorneys for Plaintiff in the above-captioned case.

2. This Declaration is made of my own personal knowledge except where stated on information and belief, and as to those matters, I believe them to be true, if called as a witness, I could competently testify thereto.

3. This Declaration is submitted in compliance with LR 26-7(b) in support of Plaintiff's' Motion to Extend Dispositive Motion and joint Pre-Trial Memorandum Deadline.

4. This Court reopened discovery on January 31, 2012.

5. Following reopened discovery, I have diligently sought information from the Bureau of Land Management to confirm or deny the existence of Union Pacific's 1875 Act right-of-way against Guard Dog's property.

6. Following informal inquiries in February and early March to the BLM, I made a formal *Touhy* request for documents and/or testimony on March 16, 2012. A copy of the letter is attached to the Motion as **Exhibit 1**. Guard Dog's counsel was copied on this letter.

7. I received an initial response from the BLM on March 21, 2012, a copy of which is attached to the Motion as **Exhibit 2**.

8. In response, I made a second, more specific *Touhy* request for documents and/or testimony on March 26, 2012. A copy of the letter is attached to the Motion as **Exhibit 3**. Guard Dog's counsel was copied on this letter.

9. In conjunction with the completion of other discovery, Union Pacific made a supplemental discovery disclosure including the three letters between the BLM and myself as well as the anticipated final response from the BLM on March 30, 2012.

10. No response has yet been received from the BLM for the March 23, 2012 *Touhy* request. In response to my phone inquiry, a BLM solicitor stated his belief that a formal response would be sent to me the week of April 30, 2012.

11. Other than production of the BLM response already anticipated and identified in March 30, 2012 disclosures, all discovery has been completed in this case.

12. In an effort to comply with LR 26-7, I telephoned Elizabeth Ashley on April 27, 2012 and left a message with her assistant. That same day, I sent her an e-mail requesting to discuss this deadline and how to proceed, attached hereto as **Exhibit 4**. To date, I have received no response, necessitating this Motion.

13. Under these circumstances, good cause exists to continue the dispositive motion and joint pre-trial memorandum deadline. The BLM is the governmental agency that can confirm or deny the existence of the 1875 Act right of way against what is now Guard Dog's property as of April 20, 1906, the reason identified by the Court for denying summary judgment on October 21, 2011. Because the BLM has no obligation to testify or provide documents in a civil matter outside of a *Touhy* request, it makes sense for all parties to save the costs and expense of further motion practice or pre-trial preparations until the BLM's response is provided.

14. I declare under penalty of perjury that the foregoing is true and correct.

            /s/ Craig A. Newby
            Craig A. Newby

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This Court is aware of the reopening of discovery on January 31, 2012 to complete written discovery propounded by Guard Dog as well as to allow Union Pacific to address the Court's request for proof that the 1875 Act right-of-way Union Pacific obtained in April 1906 applied against what is now Guard Dog's Property.

Federal Rule of Civil Procedure 6(b)(1) allows this Court to extend the time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires" "for good cause."  Based on the circumstances set forth in this Motion, good cause exists for this Court to provide the requested extension.

## II.  DISCOVERY BACKGROUND

Pursuant to LR 6-1 and 26-4, Plaintiffs hereby make the following required statements:

**A.  Specific Discovery Completed.**  Since the January 31, 2012 reopening of discovery, the parties have completed the following additional discovery:

**Written Discovery and Document Production**

All has been completed, including Union Pacific's responses Guard Dog's written discovery on February 29, 2012 and Guard Dog's responses to Union Pacific's written discovery on March 30, 2012.  Union Pacific supplemented its Fed. R. Civ. P. 26(a)(1) Disclosures on March 30, 2012, including pictures taken from the site inspection that day, the expected final survey, and the expected final BLM response.  Union Pacific further supplemented its Fed. R. Civ. P. 26(a)(1) Disclosures on April 5, 2012 to include the completed final survey.

**Depositions**

Union Pacific, in conjunction with its *Touhy* request, noticed the Fed. R. Civ. P. 30(b)(6) deposition of the BLM for March 30, 2012, which it continued on March 23, 2012 pending a final BLM response to the *Touhy* request.

**B.  Discovery Remaining.**  The sole discovery remaining is the deposit and disclosure of the BLM's final response upon receipt.

**C.     Reasons Why Discovery Remaining Was Not Completed.**

Union Pacific submits that discovery is completed, other than the deposit and disclosure of the BLM's final response upon receipt, whatever that might be.

Union Pacific has diligently sought BLM information since discovery was reopened on January 31, 2012. Following informal inquiries in February and early March, Union Pacific issued its first formal request on March 16, 2012, a copy of which is attached hereto as **Exhibit 1**. The BLM requested additional information on March 21, 2012, a copy of which is attached hereto as **Exhibit 2**. Union Pacific quickly provided additional information and made a second formal request on March 26, 2012, a copy of which is attached hereto as **Exhibit 3**. Undersigned counsel was informed by the BLM that a written response would be provided the week of April 30, 2012, but no response has been received to date. Union Pacific has timely disclosed the correspondence with the BLM as well as the expected, yet unknown response to the information request prior to the March 30, 2012 discovery deadline. While the BLM is not subject to a specific deadline to provide a response, it was unexpected that it would take more than five weeks to respond to Union Pacific's March 26, 2012 request, particularly following the five days between Union Pacific's first formal request and the BLM's first response.

Under these circumstances, good cause exists to continue the dispositive motion and joint pre-trial memorandum deadline. The BLM is the governmental agency that can confirm or deny the existence of the 1875 Act right of way against what is now Guard Dog's property as of April 20, 1906, the reason identified by the Court for denying summary judgment on October 21, 2011. Because the BLM has no obligation to testify or provide documents in a civil matter outside of a *Touhy* request, it makes sense for all parties to save the costs and expense of further motion practice or pre-trial preparations until the BLM's response is provided.

Because undersigned counsel was unable to communicate with Guard Dog's counsel prior to this deadline, filing this Motion was required. *See* Newby Affidavit at ¶ 12; **Exhibit 4**.

**D.     Proposed Schedule**

Plaintiff proposes continuing the dispositive motion and joint pre-trial memorandum deadline thirty days, from **April 30, 2012** until **May 30, 2012**.

### III. CONCLUSION

For the foregoing reasons, good cause exists for this Court to grant the proposed extension to allow for the orderly, inexpensive, and just determination of this case on its merits.

RESPECTFULLY SUBMITTED this 30th day of April, 2012.

          MCDONALD CARANO WILSON LLP

          By:  /s/ Craig A. Newby
             CRAIG A. NEWBY, ESQ. (#8591)
             2300 West Sahara Avenue, Suite 1000
             Las Vegas, Nevada  89102

          *Attorneys for Union Pacific Railroad Company*

250440.1

IT IS SO ORDERED.
.
.
_____
UNITED STATES MAGISTRATE JUDGE
DATE: MAY 8, 2012